Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Eileen N. Schmid**
Debtor(s)

Bankruptcy Case No.: 16–23684–JAD
Per April 27, 2017 proceeding
Chapter: 13
Docket No.: 36 – 5, 25
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

  IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated September 30, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒   A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $1829.00 as of May 2017. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐   B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐   C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐   D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐   E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐   F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒   G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Bank of NY Mellon (Claim No. 2) .

☒   H.    Additional Terms: A fee application is needed if any fee, including retainer, exceeds $4,000, including any fees paid to prior counsel.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.**  After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**  Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**  Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**  Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**  The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**  In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: April 28, 2017

Jeffery A. Deller
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 16-23684-JAD
Eileen N. Schmid                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: lmar              Page 1 of 2           Date Rcvd: Apr 28, 2017
                              Form ID: 149            Total Noticed: 29

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 30, 2017.
```
db         +Eileen N. Schmid,    200 Regina Street,    Pittsburgh, PA 15209-1534
cr         +Peoples Natural Gas Company LLC,   c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
             Pittsburgh, PA 15233-1828
14298577   +Abrahamsen Ratchord, P.C.,    409 Lackawanna Ave.,    Scranton, PA 18503-2062
14298584  ++CITIBANK,   PO BOX 790034,    ST LOUIS MO 63179-0034
            (address filed with court:  Home Depot,    Processing Center,   Des Moines, IA 50364)
14298579   +Capital One,   PO Box 71083,    Charlotte, NC 28272-1083
14298582   +Daniel Joseph Santucci, Esquire,    1 International Plaza, 5th Floor,
             Philadelphia, PA 19113-1510
14298583    Figi’s,   P.O. Box 770001,    Madison, WI 53707
14319902   +Figi’s Companies Inc.,    c/o Creditors Bankruptcy Service,    P.O. Box 800849,
             Dallas, TX 75380-0849
14298585   +HSWA,   P.O. Box644391,    Pittsburgh, PA 15264-4391
14319936   +K. Jordan,   c/o Creditors Bankruptcy Service,    P.O. Box 800849,    Dallas, TX 75380-0849
14298586   +Katherine M. Wolf, Esquire,    Shapiro & DeNardo, LLC,    3600 Horizon Drive, Suite 150,
             King of Prussia, PA 19406-4702
14298587   +Midland Credit Mgmt. Inc.,    P.O. Box 2121,    Warren, MI 48090-2121
14348978   +Midland Funding LLC,    PO Box 2011,   Warren, MI 48090-2011
14298588   +Northwest Consumer Discount Co.,    4655 Route 8 Suite 121,    Allison Park, PA 15101-2249
14298589   +Penn Credt/Publishers Clearing House,    916 S. 14th St.,    P.O. Bo 988,
             Harrisburg, PA 17108-0988
14298590   +Republic Waste,    73 Noblestown Road,    Carnegie, PA 15106-1668
14298591   +Specialized Loan Servicing,    Attn: Deanne Corbin,    8742 Lucent Blvd., Suite 300,
             Hoghlands Ranch, CO 80129-2386
14319901   +Stoneberry,    c/o Creditors Bankruptcy Service,    P.O. Box 800849,   Dallas, TX 75380-0849
14298592   +Stoneberry,   P.O. Box 2822,    Monroe, WI 53566-8022
14315191   +The Bnk of NY Mellon Trust Co.Trustee(See 410),    c/o Specialized Loan Servicing LLC,
             8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr          E-mail/PDF: rmscedi@recoverycorp.com Apr 29 2017 01:09:46
             Recovery Management Systems Corporation,    25 S.E. Second Avenue,    Suite 1120,
             Miami, FL  33131-1605
14298578   +E-mail/Text: notices@burt-law.com Apr 29 2017 01:16:37      Burton Neil & Associates,
             1060 Andrew Dr., Suite 170,    West Chester, PA 19380-5600
14298580   +E-mail/Text: compliance@chaserec.com Apr 29 2017 01:16:37      Chase Receivables,
             1247 Broadway,    Sonoma, CA 95476-7503
14298581   +E-mail/Text: creditonebknotifications@resurgent.com Apr 29 2017 01:15:52      Credit One Bank,
             P.O. Box 60500,    City of Industry, CA 91716-0500
14364152   +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Apr 29 2017 01:16:39      Duquesne Light Company,
             c/o Peter J. Ashcroft,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
             Pittsburgh, PA 15219-1945
14355105    E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 29 2017 01:16:24      Jefferson Capital Systems LLC,
             Po Box 7999,    Saint Cloud Mn 56302-9617
14364089    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 29 2017 01:29:09
             Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14299207    E-mail/PDF: rmscedi@recoverycorp.com Apr 29 2017 01:10:06
             Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
             Miami, FL 33131-1605
14390081   +E-mail/Text: philadelphia.bnc@ssa.gov Apr 29 2017 01:16:28      Social Security Administration,
             Office of the General Counsel,    300 Spring Garden St, 6th Fl.,    Philadelphia, PA 19123-2999
                                                                                              TOTAL: 9

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr          Duquesne Light Company
cr          The Bank of New York Mellon Trust Company, Nationa
cr          The Bank of New York Mellon Trust Company, Nationa
                                                                                    TOTALS: 3, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0315-2           User: lmar                  Page 2 of 2                  Date Rcvd: Apr 28, 2017
                               Form ID: 149                Total Noticed: 29
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 30, 2017                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 28, 2017 at the address(es) listed below:
              Alexandra Teresa Garcia    on behalf of Creditor    The Bank of New York Mellon Trust Company,
               National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase
               Bank, as Trustee for Residential Asset Mortgage Products, In ecfmail@mwc-law.com
              Ann E. Swartz    on behalf of Creditor    The Bank of New York Mellon Trust Company, National
               Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as
               Trustee for Residential Asset Mortgage Products, In ecfmail@mwc-law.com
              David Z. Valencik    on behalf of Debtor Eileen N. Schmid dvalencik@c-vlaw.com,
               cvlaw.ecf.dvalencik@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com
              Donald R. Calaiaro    on behalf of Debtor Eileen N. Schmid dcalaiaro@c-vlaw.com,
               cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com
              James Warmbrodt    on behalf of Creditor    The Bank of New York Mellon Trust Company, National
               Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as
               Trustee for Residential Asset Mortgage Products, In bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
               rive.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                             TOTAL: 9
```